_____



SO ORDERED,

**Judge Jason D. Woodard**

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.
_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL E. MANSEL, | ) | Case No.:  19-10761-JDW |
| | ) | |
| Debtor. | ) | Chapter  7 |
| | ) | |
| PIGGLY WIGGLY ALABAMA | ) | |
| DISTRUBUTING COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | A.P. No.:  19-01028-JDW |
| | ) | |
| MICHAEL E. MANSEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO STRIKE JURY DEMAND (DKT. # 36)

This adversary proceeding is before the Court on the Motion to Strike

Jury Demand (the "Motion to Strike") (A.P. Dkt. # 36) filed by Piggly Wiggly

1

Alabama Distributing Company, Inc. (the "Creditor"). The Creditor initiated this adversary proceeding by filing a complaint against the debtor, Michael E. Mansel (the "Debtor"), seeking a determination that the undisputed debt owed to the Creditor is nondischargeable. (A.P. Dkt. ## 1, 12, 25).[1] The Debtor filed an answer and counterclaim against the Creditor, making a jury demand as to all issues raised in the complaint and the counterclaim. (A.P. Dkt. # 33). The Creditor filed this motion to strike the jury demand as to the dischargeability claim only. A hearing was held on April 15, 2020, where the Court heard argument and the Motion to Strike was taken under advisement.

The Court has considered the arguments and relevant law and finds and concludes that the Debtor does not have a right to a jury trial on the dischargeability issue. Accordingly, the Motion to Strike is due to be granted.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (B), (J), and (I).

---

[1] Citations to the main bankruptcy docket are to "Bankr. Dkt. # ___." Citations to the adversary proceeding docket are to "A.P. Dkt. #___."

## II. BACKGROUND[2]

The Debtor is the sole shareholder and principal of M.E.M., Inc. (the "Company"), which operated a grocery store in New Albany, MS under the tradename "Piggly Wiggly."[3] The Creditor supplied the grocery store with inventory and other goods on credit.[4] In return, the Debtor guaranteed repayment of the debt owed to the Creditor by the Company.[5] The Creditor's objection to dischargeability alleges that the Debtor mispresented his financial condition, specifically the value of his personal residence, when demonstrating his creditworthiness as a guarantor of the credit facility.[6]

In his sworn schedules filed in the underlying bankruptcy case, the Debtor admitted, under penalty of perjury, that the debt owed to the Creditor in the amount of $583,000.00 is uncontingent and undisputed.[7] The Creditor later filed its proof of claim (Claim No. 2-1) in the amount of $443,895.75.[8] The Debtor did not object to the claim.

---

[2] These limited background facts are either undisputed or indisputable.
[3] A.P. Dkt. ## 25, 33.
[4] *Id.*
[5] *Id.*
[6] A.P. Dkt. # 25. Specifically, the Creditor contends that the Debtor presented fraudulent financial statements when making the debt owed to the Creditor and that the debt should be deemed nondischargeable under 11 U.S.C. § 523(a)(2)(B).
[7] Bankr. Dkt. # 1.
[8] Claims Register # 19-10761-JDW, Claim # 2-1.

## III. CONCLUSIONS OF LAW

Rule 38(a) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases and proceedings by Rule 9015 of the Federal Rules of Bankruptcy Procedure, "preserves the right of jury trial in those cases in which the right is protected by the 7th Amendment to the Constitution or when a jury trial is provided for by federal statute."[9] "The rule contains no affirmative grant, and neither enlarges nor restricts the right to jury trial that otherwise exists."[10]

There are several requirements that must be satisfied before a jury trial may take place in a bankruptcy court:

1) There must be a right to a jury trial in the first place. Neither the statute nor the rule expands or creates any right to a jury trial; that right is determined elsewhere, either in the Seventh Amendment to the Constitution or in a statute;
2) A timely demand for a jury trial must have been filed pursuant to Civil Rule 38(b), incorporated by Rule 9015(b);
3) The bankruptcy judge must have been specially designated to conduct the jury trial; [and]
4) In accordance with section 157(e), all parties to the litigation must consent to a jury trial in the bankruptcy court, a requirement that solves pre-existing constitutional problems. The way in which that consent is to be manifested is by timely filing a joint statement or separate statements expressing that consent.[11]

---

[9] Collier on Bankruptcy, ¶9015.03.
[10] *Id.*
[11] Collier on Bankruptcy, ¶9015.14.

4

Here, requirements two and three are not at issue. The jury demand was timely made, and the undersigned has been designated to conduct jury trials.[12] As to the fourth requirement, the parties do not consent to a jury trial in bankruptcy court, so this Court will preside over all pre-trial issues. Any remaining issues to be decided by a jury will then be presided over by the District Court. The only question for today is the first requirement–whether the Debtor has a right to a jury trial on the dischargeability issue.

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved…."[13] The United States Supreme Court has "consistently interpreted the phrase 'Suits in common law' to refer to suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered."[14]

In *Granfinanciera*, the Supreme Court promulgated a two-part test to determine whether a claim is legal or equitable in nature: "[f]irst, we compare…the 18th-century actions brought in the courts of law and equity.

---

[12] U.S. District Court for the Northern District of Mississippi's *Amended Order Designating the Bankruptcy Judges of the Northern District of Mississippi to Conduct Jury Trials*, dated June 9, 2014, effective *nunc pro tunc* to October 22, 1994, *available at* www.msnb.uscourts.gov/standing-orders.
[13] U.S. Const. amend. VII.
[14] *Granfinanciera v. Nordberg*, 492 U.S. 33, 41 (1989).

5

Second, we examine the remedy sought and determine whether it is legal or equitable in nature."[15] The Supreme Court also noted that the second prong of the analysis is more important than the first.[16] "Legal claims are not magically converted into equitable issues by their presentation to a court of equity."[17] When an action is simply for the recovery of a money judgment the action is one at law, as a request for a money judgment presents a claim that is unquestionably legal.[18]

That said, "it is well-settled that when Congress creates new statutory public rights, it may assign their adjudication to an administrative agency with which a jury trial would be incompatible, without violating the Seventh Amendment's injunction that jury trial is to be preserved in suits at common law."[19] "Public rights include seemingly private rights that are created by Congress, acting for a valid legislative purpose pursuant to its constitutional powers under Article I, that are so closely integrated into a public regulatory scheme as to a matter appropriate for agency resolution with limited involvement by the Article III judiciary."[20] Bankruptcy is an example of an area involving public rights because Congress has:

---

[15] *Granfinanciera,* 492 U.S. at 42.
[16] *Id.*
[17] *Id.* at 52 (citing *Ross v. Bernhard*, 396 U.S. 531, 538 (1970)).
[18] *Id.* at 48 (citing *Pernell v. Southall Realty*, 416 U.S. 363, 370 (1974); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962)).
[19] *U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 417 (5th Cir. 2014).
[20] *Id.*

6

> [e]stablished uniform laws on the subject of bankruptcy, which convert the creditor's legal claim into an equitable claim to a pro rata share of the res…. As bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession, and as the proceedings of bankruptcy courts are inherently proceedings of equity, there is no Seventh Amendment right to a jury trial for determination of objections to claims."[21]

In *Granfinanciera*, the Supreme Court considered whether the public rights doctrine converted a fraudulent conveyance claim into an equitable claim that had been brought by the debtor against a creditor where the creditor-defendant requested a jury trial.[22] The Supreme Court held that a creditor triggers the process of allowance and disallowance of claims when it files a claim against the bankruptcy estate, which in turn subjects the creditor to the equitable power of the bankruptcy court but, because the creditor-defendant there had not submitted proofs of claim against the bankruptcy estate, the creditor had not subjected itself to the equitable power of the bankruptcy court and triggered the public-rights exception, and thus the creditor-defendant was entitled to a jury trial.[23]

In *Langenkamp v. Culp*, where the creditors submitted a claim against a bankruptcy estate and the trustee later sued the creditors to recover preferential transfers, the Supreme Court held that, unlike in *Granfinanciera*,

---

[21] *Id.* (citing *Katchen v. Landy,* 382 U.S. 323, 336-337 (1966)).
[22] *Granfinanciera*, 492 U.S. at 36-37, 51-55.
[23] *Id.* at 58-59.

7

the creditor-defendants were not entitled to a jury trial because the proof of claim and trustee's action became an integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction.[24]

In *Matter of Merrill*, the Court of Appeals for the Fifth Circuit held that "because of the equitable nature of bankruptcy proceedings there is generally no constitutional right to a jury trial."[25] The Fifth Circuit did find, however, that even though there was no right to a jury trial on the dischargeability issue, that once the bankruptcy court determined that the debt was not dischargeable, a right to a jury trial existed on the issues of liability and amount.[26]

Later, in *U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc.,* the Fifth Circuit, following its holding in *In re Jenson*, found no importance should be placed on the fact that the debtor, as opposed to the creditor, sought a jury trial.[27] In following *Jenson*, the Fifth Circuit agreed with the Seventh Circuit's decision in *In re Hallahan*, which "reasoned if creditors lose their jury trial rights by presenting claims against the estate, debtors who initially chose to

---

[24] *Langenkamp v. Culp*, 498 U.S. 42, 42-44 (1990).
[25] *Matter of Merrill*, 594 F.2d 1064, 1067 (5th Cir. 1979) (citing *Katchen*, 382 U.S. at 336-340 (1966)).
[26] *Merrill*, 594 F.2d at 1068.
[27] *U.S. Bank Nat. Ass'n*, 761 F.3d at 420. (citing *In re Jenson*, 946 F.2d 369 (5th Cir. 1991)).

invoke the bankruptcy court's jurisdiction to seek protection from their creditors cannot be endowed with any stronger right."[28] In *Hallahan*, the Seventh Circuit recognized that there was authority for a bifurcated dischargeabilty proceeding where a party was entitled to a jury trial on issues of liability and amount once a bankruptcy court had determined the debt nondischargeable.[29] The Seventh Circuit ultimately found that by choosing to file bankruptcy, the debtor waived any complaints he may have had about jury trial rights that he might have asserted outside the bankruptcy forum.[30] The Seventh Circuit further noted that it was preferable to allow a bankruptcy court, which ruled on the dischargeability of debt, to adjudicate the issues of liability and damages.[31] "Requiring the empaneling of a jury in bankruptcy court in the midst of the dischargeability proceedings, or perhaps referring the matter back to district court for a jury trial there, creates a cumbersome process."[32]

> More importantly, however, allowing a bankruptcy judge to settle both the dischargeability of the debt and the amount of the money judgment accords with the "rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief."[33]

---

[28] *Id.* (quoting *In re Hallahan*, 936 F.2d 1496, 1505 (7th Cir. 1991)).
[29] *Hallahan*, 936 F.2d at 1507-1508. (citing *Merrill*, 594 F.2d at 1068).
[30] *Hallahan,* 936 F.2d at 1508.
[31] *Id.*
[32] *Id.*
[33] *Id.* (citing *Alexander v. Hillman*, 296 U.S. 222, 242 (1935)).

"Once properly before a court of equity, a party subjects himself or herself to all consequences that attach to an appearance."[34]

In *Jensen*, the Fifth Circuit agreed with the result in *Hallahan,* but disagreed with its reasoning with regard to why the debtor had no right to a jury trial, even if the claims against him were legal in nature.[35] The Fifth Circuit reasoned that the debtor was not entitled to a jury trial in *Hallahan*:

> not because the debtor had filed a petition in bankruptcy, but because the plaintiff had submitted his claim against the debtor to the equitable jurisdiction of the bankruptcy court. Filing a proof of claim denied both the plaintiff and the defendant debtor, any right to jury trial that they otherwise might have had on that claim.[36]

The United States Bankruptcy Court for the Northern District of Texas, recognizing the Fifth Circuit holding in *Merrill,* noted that there was a question concerning whether the debtors were entitled to a jury trial with respect to the issues of liability and amount once a debt was deemed nondischargeable.[37] However, the *Thomas* court ultimately found, based on the Fifth Circuit holding in *Jensen*, that "once the plaintiff submitted her claim

---

[34] *Id.*
[35] *In re Jenson,* 946 F.2d at 374.
[36] *Id.*
[37] *In re Thomas*, 235 B.R. 864, 866 (Bankr. N.D. Tex. 1999).

10

to the equitable powers of the bankruptcy court by filing a proof of claim, the debtors lost any right to a jury trial on that claim."[38]

Here, the Debtor clearly has no right to a jury trial to determine whether the debt is nondischargeable. While the Fifth Circuit's holding in *Merrill* suggested that the Debtor might have the right to a jury trial if there was a question as to the amount of debt, the Fifth Circuit's later holding in *Jenson* suggests otherwise.

Regardless, here there is no dispute as to liability or the amount of debt. Pursuant to 11 U.S.C. § 502(a), a claim is deemed allowed unless a party in interest objects. The Creditor filed its proof of claim in the underlying bankruptcy case and the Debtor did not object.[39] Further, the Debtor's sworn schedules admit that he owes an undisputed debt to the Creditor in an amount exceeding the amounts claimed here.[40]

## IV. CONCLUSION

The Debtor has no right to a jury trial to determine whether the debt is nondischargeable. Fifth Circuit precedent further suggests that the Debtor has no right to a jury trial on the amount of the debt, but that is not an issue

---

[38] *Id.* (citing *In re Jenson*, 946 F.2d at 374).
[39] Claim # 2-1.
[40] Bankr. Dkt. # 1.

for today. The Debtor has already admitted, under oath, the existence and amount of the debt owed to the Creditor. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the Motion to Strike Jury Demand (A.P. Dkt. # 36) is **GRANTED.**